# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DARIN JAMES,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 19-00513 (TFH)

## MEMORANDUM OPINION

This matter is before the Court on the defendant's motion for summary judgment, ECF No. 11. For the reasons discussed below, the motion for summary judgment will be granted.

## I. BACKGROUND

The plaintiff, Darin James, a federal prisoner proceeding *pro se* and *in forma pauperis*, sues the Department of Justice, alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act ("Privacy Act" & "PA"), 5 U.S.C. § 552a. Compl., ECF No. 1, ¶¶ 1, 3. In late November 2017, the plaintiff submitted his FOIA/PA request to the Executive Office for United States Attorneys ("EOUSA"), requesting the release of the Oath of Office and Certificate of Appointment of Assistant United States Attorney ("AUSA") Mark Wilson,[1] of the United States Attorney's Office for the Southern District of Florida. *Id.* ¶ 10; Compl. Attach. A; Def.'s statement of material facts ("Def.'s Stmt.") ¶ 1; Declaration of Ebony Griffin ("Griffin Decl."), ECF No. 11-1, ¶ 5.

---

[1] In the complaint, the plaintiff indicates that his FOIA/PA request also sought the Oath of Office and Certificate of Appointment of AUSA, Jose Bunoa, Compl. ¶ 10, however, his actual request, which he attaches as an exhibit, makes no mention of Mr. Bunoa, *see* Compl. Attach. A.

On December 19, 2017, EOUSA directed staff from the Office of the United States Attorney ("USAO") to search for records responsive to the request, numbered 2018-001170. Griffin Decl. ¶¶ 5–6. USAO staff searched by various keywords within internal electronic and web-enabled records and Microsoft Outlook Office records. *Id.* ¶ 6, n.1. As a result of this first search, no records were found, and, on January 9, 2018, a determination letter was sent to the plaintiff stating same. *Id.* ¶¶ 6–7; Def.'s Attach. B. On April 20, 2018, the plaintiff appealed the determination to the Office of Information Policy, which affirmed the agency's decision from EOUSA on June 5, 2018. Griffin Decl. ¶ 8; Def.'s Attach. C.

The plaintiff filed the complaint in this matter on February 21, 2019. After it was served with process and received notice of this litigation, EOUSA revisited the plaintiff's request and determined that the "duty location" for Mr. Wilson was with the USAO for the Southern District of Florida ("USAO-SDFL"). Griffin Decl. ¶ 11; Declaration of Francys Marcenaros ("Marcenaros Decl.") (Def.'s Attach. E) ¶ 4. Given that information, EOUSA asked the USAO-SDFL to conduct a search for all records potentially responsive to the plaintiff's request. *Id.*

USAO-SDFL human resources staff coordinated with Francys Marcenaros, a FOIA Paralegal Specialist with USAO-SDFL, to search and locate responsive records. Griffin Decl. ¶ 6–9; Marcenaros Decl. ¶ 1, 5–6. Responsive documents were retrieved from the Special Assistant United States Attorney ("SAUSA") personnel file drawer. Marcenaros Decl. ¶ 6. On June 6, 2019, the USAO-SDFL submitted the records to EOUSA for review and processing. *Id.* ¶ 8; Griffin Decl. ¶ 10. On June 12, 2019, EOUSA made its production of responsive records to the plaintiff, releasing 8 partial pages. Marcenaros Decl. ¶ 15; Griffin Decl. ¶ 11; Def.'s Attach. F. The handwritten signature and/or initials of Mr. Wilson and other third-party staff were redacted. Griffin Decl. ¶ 18. This information was withheld pursuant to FOIA "Exemption 6," 5 U.S.C. §

552(b)(6) and "Exemption 7(C),"[2] *id.* § (b)(7)(C). *Id.*; Def.'s Attach. F; Def.'s Stmt. ¶ 11; Def.'s Mem at pp. 5–8. On June 13, 2019, the defendant filed an answer[3] to the complaint, ECF No. 9

On June 15, 2019, this Court entered a minute order establishing a briefing schedule. *See* Jul. 15, 2019 Min. Ord. The defendant filed a timely motion for summary judgment on August 12, 2019. On November 8, 2019, after receiving no response from the plaintiff, the Court advised the plaintiff of his obligations to respond under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. *See* Nov. 8, 2019 Order ("Fox Neal Ord."), ECF No. 12; *see also Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). The Court further ordered that the plaintiff file an opposition or other response to the defendant's dispositive motion by January 3, 2020. *See* Fox Neal Ord. at 4. The plaintiff was forewarned that if he failed to file a timely response, the Court would rule on the motion without the benefit of his position. *Id.* at 2, 4. To date, the plaintiff has not filed any opposition or response.

## II. LEGAL STANDARD

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury

---

[2] The defendant has formally withdrawn Exemption 7(C) as a rationale for the withholding. Griffin Decl. ¶ 15; Def.'s Memorandum of Law ("Def.'s Mem.") at 5, n.3.

[3] On July 10, the plaintiff filed a motion for extension of time to file a reply to the defendant's answer to complaint. ECF No. 10. The request for an extension was rendered moot by the Court's entry of the minute order establishing the briefing schedule, *see* Jul. 15, 2019 Min. Ord. Therefore, this motion will be denied as such.

could return a verdict for the nonmoving party" on an element of the claim. *Anderson*, 477 U.S. at 248.

FOIA cases are typically and appropriately decided on motions for summary judgment. *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are afforded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.' " *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)). In the absence of contrary evidence, such declarations are considered sufficient to demonstrate an agency's compliance with FOIA. *Perry v. Block*, 684 F.2d 121, 127 (D.C.Cir.1982).

In a Privacy Act case, a court may similarly rely on agency affidavits or declarations to enter summary judgment. *See Chambers v. U.S. Dep't of the Interior*, 568 F. 3d 998, 1003 (D.C. Cir. 2009). At the summary judgment stage, where the agency has the burden to show that it acted in accordance with the statute, a court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched. *Jimenez v. Executive Office for U.S. Attorneys*, 764 F. Supp. 2d 174, 179–80 (D.D.C. 2001) (citing *Chambers,* 568 F. 3d at 1003).

## III. DISCUSSION

An agency fulfills its obligations under FOIA if it can demonstrate that its search was 'reasonably calculated to uncover all relevant documents.' " *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). First, the defendant points out that it located and provided the plaintiff with Mr. Wilson's oath and appointment documentation, the sole information requested, therefore, it is quite evident that the search was sufficient. Second, the Court finds that the agency declarations are reasonable and sufficient, and the plaintiff has presented no evidence in opposition to create "substantial doubt as to the sufficiency of the search[.]" *Truitt*, 897 F.2d at 542.

The defendant invokes Exemption 6[4] in the redaction of Mr. Wilson and other third-party signatures and initials. *See* Def.'s Mem. at 5–8; Griffin Decl. ¶¶ 17–20. Under this Exemption, an agency may withhold "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The exemption has been interpreted broadly to protect "bits of personal information, such as names and addresses." *Prison Legal News v. Samuels*, 787 F.3d 1142, 1147 (D.C. Cir. 2015) (brackets and internal quotation marks omitted). "The information in the file 'need not be intimate' for the file to satisfy the standard, and the threshold for determining whether information applies to a particular individual is minimal." *Milton v. U.S. Dep't of Justice*, 783 F. Supp. 2d 55,

---

[4] The Court need not consider the applicability of the Privacy Act's exemptions as an agency may not rely exclusively "on any exemption in [the Privacy Act] to withhold from an individual any record which is otherwise accessible to such individuals under the provisions of [the FOIA]." 5 U.S.C. § 552a(t)(2). Because the defendant properly reviewed and released responsive records under FOIA, the Court need only address the justifications for withholding information under FOIA. 5 U.S.C. § 552a(b)(2); *Greentree v. United States Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982).

58 (D.D.C. 2011) (quoting *N.Y. Times Co. v. NASA*, 920 F.2d 1002, 1006 (D.C. Cir. 1990)). Private information must, however, implicate a "significant privacy interest" to warrant protection. *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1229 (D.C. Cir. 2008) (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989)). Courts have clarified that this standard "means less than it might seem," as a significant interest is "anything greater than a *de minimis* privacy interest." *Id.* at 1229–30. "[S]omething, even a modest privacy interest, outweighs nothing every time" under the balancing test. *Billington v. U.S. Dep't of Justice*, 245 F. Supp. 2d 79, 86 (D.D.C. 2003) (quoting *Horner*, 879 F.2d at 879).

When private information in a record implicates a significant privacy interest, the Court must determine if disclosing the information would constitute a clearly unwarranted invasion of personal privacy by balancing "the privacy interest that would be compromised by disclosure against any public interest in the requested information." *Multi Ag Media*, 515 F.3d at 1228. "The scope of a privacy interest under Exemption 6 will always be dependent on the context in which it has been asserted." *Prison Legal News*, 787 F.3d at 1147 (D.C. Cir. 2015) (citation omitted). "The only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would . . . contribut[e] significantly to public understanding of the operations or activities of the government." *Bartholdi Cable Co. v. FCC*, 114 F.3d 274, 282 (D.C. Cir. 1997) (internal quotations and citations omitted). "Information that 'reveals little or nothing about an agency's own conduct' does not further the statutory purpose." *Beck v. Dep't of Justice*, 997 F.2d 1489, 1493 (D.C. Cir. 1993) (quoting U.*S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).

The defendant has submitted detailed declarations, executed by Ms. Marcenaros and Ebony Griffin, an Attorney-Advisor with FOIA/PA staff of the EOUSA. The defendant avers that "the

handwritten signatures and initials are deemed personally identifiable information ("PII") related to the AUSA and other lower level government personnel." Marcenaros Decl. ¶ 19. Further, the defendant attests that disclosure of this information could expose these individuals to "an unwarranted invasion of their personal privacy, leading to efforts to use their signatures and initials for identify theft, other fraudulent purposes, or subject these individuals to harassment or harm." *Id.* There is no information before this Court that revealing this information would contribute significantly to public understanding of the operations or activities of the government. *Bartholdi Cable Co.*, 114 F.3d at 282.

For these reasons, the Court finds that a substantial privacy interest exists in the protection of the hand-written signatures and initials. *See Parker v. Dep't of Justice*, 986 F. Supp. 2d 30, 35–9 (D.D.C. 2013) (finding that signature of former AUSA and third-parties were appropriate for redaction under Exemption 6); *Brannum v. Dominguez*, 377 F. Supp. 2d 75, 84 (D.D.C. 2005) (affirming government's application of Exemption 6 to signatures of members of the Air Force Personnel Board within internal documents); *Wilson v. U.S. Air Force*, No. 5:08-cv324 (JMH), 2009 WL 4782120 at *4 (E.D. Ky. Dec. 9, 2009) (finding that withholdings and redactions of signatures were appropriate under Exemption 6); *see also Gosen v. United States Citizenship and Immigration Services*, 75 F. Supp. 3d 279 (D.D.C. 2014) (holding generally that "government employees['] [information], such as their name, *signature*, and personal database code, and the significant privacy interest at stake when it comes to the identifying information of government employees in the context of FOIA requests is beyond dispute." (emphasis added) (citations omitted); *But see Trupei v. DEA*, No. 04-1481 (EGS), 2005 WL 3276290 at *2 (D.D.C. Sept. 27, 2005) (finding that while a government attorney signature passed the "threshold requirement" of protection under Exemption 6, interests weighed in favor of public disclosure because, in the same

litigation, the government previously provided the plaintiff with unredacted copies of other oaths of office without having to obtain a court order).  The plaintiff has not responded, and therefore, has presented no countervailing public interest to justify the release of this protected personally identifiable information, nor does this Court independently find any such an interest, based on the information before it.

## IV. CONCLUSION

The Court concludes that the defendant conducted a search reasonably calculated to locate records responsive to the plaintiff's FOIA/PA request, released all non-exempt portions of the response, and properly relied on its invoked Exemption.  The defendant has demonstrated, with no opposition from the plaintiff, compliance with its obligations under FOIA and judgment in its favor is warranted.  Accordingly, the Court will grant the defendant's motion for summary judgment.  An appropriate order accompanies this memorandum opinion.

Date:   March 9, 2020

_____/s/_____
THOMAS F. HOGAN
Senior United States District Judge